IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAX L. ARY,

        Plaintiff,

vs.

        Case No. 05-1201-JTM

THE CINCINNATI INSURANCE COMPANY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 56). Pursuant to Federal Rules of Civil Procedure Rule 59(e) and D. Kan. Rule 7.3(a), plaintiff moves for reconsideration of the order denying summary judgment. Plaintiff essentially raises two arguments. First, Mr. Ary's acquittal on two counts entitles him to coverage on all counts. Second, it is manifest injustice for the court to measure coverage post-conviction. Defendant responds that the motion for reconsideration contains no new facts; that Mr. Ary's acquittal on two counts is irrelevant; and that there has been no manifest injustice. After reviewing the parties' arguments, the court denies plaintiff's motion.

**I. STANDARD OF REVIEW**

A motion for reconsideration of a dispositive order or judgment may be brought under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60. See D. Kan Rule 7.3. The court employs similar legal standards to review motions under either rule. See Vanlerberghe v. Apfel, No. Civ. A. 98-

2443-CM, 2000 WL 360104, at *1 (D. Kan. 2000).

Kansas federal courts permit a motion to reconsider when there are fundamental legal errors that require the court to reconsider its earlier decision. Id. citing Federated Mut. Ins. Co. v. Botkin Grain Co., 856 F. Supp. 607, 609 (D. Kan. 1994), aff'd in part and rev'd in part on other grounds, No. 94-3245, 1995 WL 495704 (10th Cir. Aug. 17, 1994). Sustaining the motion requires a finding of manifest error of law or fact. All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate Palmolive Co., 847 F. Supp. 858, 860 (D. Kan. 1994), modified 842 F. Supp. 1376 (D. Kan.1994). A motion to reconsider should not be used to raise arguments or evidence that could and should have been raised prior to the entry of judgment or to reargue points the court already considered and rejected. See id. (citations omitted). The decision on whether to grant or deny a motion to reconsider is left to the sound discretion of the district court. See Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).

## II. ANALYSIS

The court set forth the relevant facts in this case in its prior order dated May 17, 2006 (Dkt. No. 54), and incorporates by reference those facts here. At the outset, the court notes plaintiff has not submitted any new facts for the court to consider. Rather, plaintiff challenges the method of the court's analysis in denying coverage. Since discovery was stayed in this case pending the criminal trial, the court will not consider Mr. Thompson's affidavit, which includes legal arguments rather than mere recitation of facts. See D. Kan. Rule 56.1; Smith v. Pfizer, Inc., No. CIV.A. 98-4156-CM, 2001 WL 968369, at *1 n. 2 (D. Kan. Aug. 14, 2001).

**A. Coverage for Counts 6 and 7**

First, Mr. Ary asks the court to consider whether he may be entitled to coverage based on his acquittal on two counts. The court finds this inappropriate. Acquittal on two counts does not permit plaintiff to seek coverage of all claims he had to defend based on the policy language. Exclusion C states that defendant is not liable to defend or indemnify any claim where an insured is responsible for committing a deliberately fraudulent or dishonest act. Exclusion C provides:

> We are not liable to pay, indemnify or **defend any "claim":**
> **Based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving** any of the "policy insureds" or any person for whose actions the "policy insureds" are legally responsible committing in fact any deliberately fraudulent, dishonest, criminal or malicious act or omission or willful or reckless violation of any statute, rule, regulation, agreement, or judicial or regulatory order.

(The Policy, Bates No. A000017; Emphasis added.) "Claim" is defined at Section IV.A. as:

> any **proceeding** initiated against any of the 'insureds' before any governmental body which is legally authorized to render an enforceable judgment or order for money damages or other relief, including any appeal from such proceeding.

(The Policy, Bates No. A00008; Emphasis added.) The policy focuses coverage not on whether Mr. Ary was exonerated on any individual count but rather the proceeding. Since the result of the proceeding indicates that Mr. Ary committed deliberately fraudulent, dishonest, criminal or malicious act or omission or willful or reckless violation of various statutes, the insured is not obligated to cover plaintiff. Furthermore, any coverage Mr. Ary may have received would have to be reimbursed.

A similar analysis applies under Exclusion F. The relevant provision provides:

> We are not liable to pay, indemnify **or defend** any "claim"
> . . .
> **F. Based upon, arising out of, directly or indirectly resulting from or in consequence**

> **of, or in any way involving** any of the "insureds" or any person for whose actions the "insureds" are legally responsible gaining in fact any personal profit or advantage to which they were not legally entitled.

(The Policy, Bates No. A00008; Emphasis added.) Since Mr. Ary was found to have embezzled, stolen, purloined and knowingly converted for his use and benefit Cosmosphere property, Mr. Ary is also not entitled to coverage under Exclusion F. Although Mr. Ary was exonerated on Counts 6 and 7, the proceeding indicated that Mr. Ary did gain personal profit or advantage to which he was not legally entitled. Thus, Mr. Ary is not entitled to coverage.

**B. Manifest Injustice**

The court acknowledges that it delayed in issuing an opinion. The parties had agreed to a stay in discovery in the civil proceeding while the criminal case was pending. The volume of filings in the criminal case as well as the court's scheduled trials did not permit immediate resolution of the pending motions in this case.

While acknowledging these considerations, the court notes that Mr. Ary could not be assured of coverage on the pending motions in this case as his criminal trial proceeded. Mr. Ary chose to continue with his trial despite the pending motions in this case. It was apparent to the parties that the outcome of the criminal trial would eventually affect the insurance coverage. The guilty verdict in the criminal case assured that any coverage would be eviscerated. The court carefully considered how to approach these issues in its prior order and found that Mr. Ary was not entitled to coverage. For the reasons stated in the order dated May 17, 2006, the court denies Mr. Ary's motion.

IT IS ACCORDINGLY ORDERED this 27th day of July 2006, that the court denies plaintiff's Motion for Reconsideration (Dkt. No. 56).

>                                s/ J. Thomas Marten
>                                J. THOMAS MARTEN, JUDGE